(109 App. Div. 596)

### CITY OF NEW YORK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

ACTION—STAY—PENDENCY OF OTHER ACTION—ACTION ENTITLED TO PREFERENCE.

    Under Rapid Transit Act, Laws 1891, p. 9, c. 4, as amended by Laws 1895, p. 893, c. 519, § 5, giving preference to actions brought by the board of rapid transit commissioners, and in view of the possibility that under the act whatever control is reserved to the city over the subway is vested in the board, the trial of an action to enforce an order of the board directing the removal from subway stations of weighing and vending machines should not be stayed until the trial of a prior action, brought by the rapid transit company against the city and the president of a borough, to restrain the president, the city, and its officers from interfering with advertising signs and vending and weighing machines placed in the stations; the question involved being one of public importance, the determination of which can only be had by the trial of the action against the company.

Appeal from Special Term, New York County.

Action by the city of New York against the Interborough Rapid Transit Company. From an order staying the trial, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

George L. Rives, for appellant.
Pratt A. Brown, for respondent.

HOUGHTON, J. Prior to February, 1905, various city officials had protested against the Interborough Rapid Transit Company placing advertising signs and vending and weighing machines in the stations of the subway, and notice had been given by city officials to the company to remove them. Thereupon the Interborough Rapid Transit Company brought action against the city of New York and John Ahearn, president of the borough of Manhattan, to restrain Ahearn and the city and its officers and servants from interfering with

the signs or machines, and an injunction during the pendency of the action was granted to that effect. Thereafter the board of rapid transit railroad commissioners of the city demanded that the Interborough Company remove from the subway stations all weighing and vending machines. That order not being complied with, in June, 1905, the present action was brought by direction of such board. Issue was joined, and thereupon the defendant moved that trial be stayed until the trial of the prior action brought by it against the city and the president of the borough, and the court granted the motion on the theory that the first action covered all and more than was involved in the second one, and hence it should be first tried.

The order should not have been made. By section 9 of the rapid transit act (Laws 1891, p. 9, c. 4, as amended by Laws 1895, p. 893, c. 519, § 5), a preference in trial is given to this action. The action first brought is entitled to no such privilege. The question involved is one of public importance, and a speedy determination is desirable, which can only be had by the trial of this later action. In addition, the board of rapid transit commissioners is not a party to the prior action, and the exact powers it possesses cannot be determined therein. It is possible that under the provisions of the rapid transit act whatever control is reserved to the city over the subway is vested in that board, and that any specific direction by it with respect to the use of the subway and its stations may have greater force and be entitled to stricter obedience than the same direction and command on the part of the city or any of its officers. Indeed, the complaint of the Interborough Company in the former action alleges that the president of the borough and the city are without jurisdiction over the subway, and that such jurisdiction is confined to the board of rapid transit railroad commissioners, who gave to the company the right to maintain signs and weighing and vending machines in the various stations thereof. These questions in their broadest sense can be speedily determined on the trial of this action, even though the maintenance of signs is not strictly involved.

The order is reversed, with $10 costs and disbursements. All concur.